THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN LOYO and EDELMIRA LOYO,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [ECF NO. 11] REQUEST FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Case No. 2:24-cv-00844-DBB-JCB<br><br>District Judge David Barlow |

Before the court is the United States' Request for Entry of Default Judgment (the "Motion").[1] The government seeks to reduce to judgment federal tax assessments against Juan Loyo ("Mr. Loyo") and Edelmira Loyo ("Ms. Loyo") (together "the Loyos").[2] For the reasons stated below, the United States' Motion is granted.

## BACKGROUND

Mr. and Mrs. Loyo were the owners and managers of ITY of Texas LLC ("ITY"), a Utah drywall contractor that was also involved in payroll services.[3] ITY hired employees and had a responsibility to withhold federal income and other taxes from these employees' wages.[4] ITY did not file quarterly tax returns for ten tax periods from March 2012 to June 2015.[5] The Secretary of

---

[1] United States' Request for Entry of Default Judgment, ("Mot."), ECF No. 11, filed Feb. 28, 2025.
[2] Complaint, ECF No. 1, filed Nov. 12, 2024.
[3] Declaration of Joshua Browning 2, ECF No. 11-2, filed Feb. 28, 2025; INTSTD Calculations to 01/31/2025, ECF No. 11-3, filed Feb. 28, 2025.
[4] Complaint 2.
[5] Certificate of Assessments, Payments, and Other Specified Matters, ECF No. 11-1, filed Feb. 28, 2025. Summary Record Assessments, such as a Form 4340 as included in ECF No. 11-1, are "presumptive proof of a valid assessment." *Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (quoting *Mar. v. I.R.S.*, 335 F.3d 1186, 1188 (10th Cir. 2003)).

the Treasury has made an assessment for these tax liabilities totaling $59,591.90 as of October 24, 2024.[6]

The United States alleges that Mr. and Mrs. Loyo filed their Form 1040 personal income tax returns for 2013 and 2014; however, they did not pay their income tax liability in full as reported on these returns.[7] A delegate of the Secretary of the Treasury has calculated that the Loyos owe $300,185.46 for the original assessed tax, with penalties and interest added, as of October 24, 2024.[8] Combined with the ITY tax liability, the Loyos have an outstanding tax liability of $365,465.37 as of January 31, 2025.[9] The United States notified the Loyos that they owed back taxes and demanded payment as required by 26 U.S.C. § 6303.[10] Mr. and Mrs. Loyo have not paid the assessed amounts to the United States and remain indebted for the balance of the assessed amount.

On November 12, 2024, the United States filed its complaint, seeking to reduce to judgment the federal income tax and federal trust fund recovery penalty assessments against the Loyos.[11] The United States completed service on the Loyos on November 23, 2024.[12] The United States then submitted its Request for Entry of Default against the Loyos to the clerk of

---

[6] Complaint 7.
[7] *Id.* at 3.
[8] *Id.* at 4.
[9] INTSTD Calculations to 01/31/2025, ECF No. 11-3, filed Feb. 28, 2025.
[10] Certificate of Assessments, Payments, and Other Specified Matters 3, ECF No. 11-1, filed Feb. 28, 2025; Complaint 4.
[11] Complaint 10.
[12] Summons in a Civil Action (Juan Loyo), ECF No. 5, filed Nov. 27, 2025; Summons in a Civil Action (Edelmira Loyo), ECF No. 6, filed Nov. 27, 2025.

court,[13] which the clerk granted on January 21, 2025.[14] Neither Mr. Loyo or Ms. Loyo has made an appearance in this case or responded to the United States' complaint.

## STANDARD

Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a party who fails to appear or otherwise defend.[15] To grant default judgment, the court must ensure that jurisdiction exists and that default judgment is appropriate.[16] "Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[17] "[T]he entry of a default judgment is committed to the sound discretion of the district court[.]"[18]

## DISCUSSION

District courts have jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue."[19] This court has jurisdiction to render judgments "for the enforcement of the internal revenue laws" and may enforce tax liens.[20] The District of Utah is an appropriate venue for this action, as Mr. and Mrs. Loyo's tax liabilities accrued in Utah County, where the Loyos reside.[21] Accordingly, the court must evaluate whether default judgment is warranted in this case.

---

[13] United States' Request for Entry of Default Against Juan Loyo and Edelmira Loyo by the Clerk of Court, ECF No. 7, filed Jan. 8, 2025.
[14] Default Certificate, ECF No. 8, filed Jan. 21, 2025.
[15] Fed. R. Civ. P. 55 (a).
[16] *See Minden Pictures, Inc. v. Buzznick, LLC*, No. 2:22-cv-00369, 2023 WL 2243177, at *2 (D. Utah 2023).
[17] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Fed. Prac. & Proc.* § 2688, at 63 (3d ed. 1998)).
[18] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).
[19] 28 U.S.C. § 1340.
[20] *Id.*; 26 U.S.C. § 7403.
[21] Complaint 4; Summons in a Civil Action (Juan Loyo), ECF No. 5, filed Nov. 27, 2025; Summons in a Civil Action (Edelmira Loyo), ECF No. 6, filed Nov. 27, 2025.

The unchallenged facts, as established by the United States, constitute a legitimate cause of action. The government is authorized to pursue this action under 26 U.S.C. § 7401.[22] The Loyos have failed to pay taxes as required by 26 U.S.C. §§ 3102, 3402, 3403, and 6303. Default judgment is appropriate because the amount the Loyos owe is a sum certain.[23] The government has submitted its calculation showing that the Loyos have failed to pay $365,465.37 in taxes and interest.[24] As noted earlier, Mr. and Mrs. Loyo and have failed to appear in this matter. Accordingly, the United States' Motion for Default Judgment is granted.

## ORDER

The United States is awarded default judgment against Defendants Juan Loyo and Edelmira Loyo jointly and severally in the amount of $365,465.37, with interest to accrue pursuant to 26 U.S.C. §§ 6601, 6621, & 6622, and 28 U.S.C. § 1961(c), until paid in full.[25]

Signed April 21, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[22] Complaint 1.
[23] *Andrews v. Thomas*, No. 219CV00141JNPJCB, 2020 WL 5095126, at *2 (D. Utah 2020) (quoting *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)) ("a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").
[24] Declaration of Joshua Browning 4, ECF No. 11-2, filed Feb. 28, 2025; INTSTD Calculations to 01/31/2025, ECF No. 11-3, filed Feb. 28, 2025.
[25] ECF 11.